UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Donald W. Reid

(In the space above enter the full name(s) of the plaintiff(s).)

- against -

**COMPLAINT**
Jury Trial: No

The PPL Retirement Plan

Talen Energy Retirement Plan

(In the space above enter the full name(s) of the defendant(s).)

I. **Parties in this complaint:**

A. List your name, address and telephone

Plaintiff   Donald W. Reid

5205 Geissinger Road

(Lehigh), Zionsville

PA 18092

610-966-3593

B. List all defendants. You should state the full name of the defendants, even if the defendant is a government agency, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   The PPL Retirement Plan

Employee Benefit Plan Board

PPL Services Corporation

Compensation & Benefits

Two North Ninth Street

(Lehigh), Allentown

Pennsylvania 18101-1179

610-774-6155

1

Defendant No. 2    Talen Energy Retirement Plan
The Retirement Plan Committee of
Talen Energy Corporation
835 Hamilton Street, Suite 150
(Lehigh), Allentown
PA 18101
1-855-500-8253

II.    **Basis of Jurisdiction:**

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. §1332, a case in which a citizen of one state sues a citizen of another state, and the amount is more than $75,000 is a diversity of citizenship case.

A.   What is the basis for federal court jurisdiction?

X Federal Question

B.   If the basis for the jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? Section 502(a)(1)(B) of Employee Retirement Income Security Act of 1974 (ERISA): A civil action may be brought – (1) by a participant or beneficiary – (B) to recover benefits due him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

C.   If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Not applicable

III.    **Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of the complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? Offices of PPL in Allentown, PA.

B. What date and approximate time did the events giving rise to your claim(s) occur? Appeals to the Plan Administrator were denied in letters dated April 7, 2016, June 16, 2016, and September 6. 2016.

C. Facts: 1. The Plaintiff retired from PPL (PPL Generation, LLC), effective June 1, 2014, and his pension benefit was calculated under the terms of The PPL Retirement Plan. Effective June 1, 2015, PPL spun off its Supply business (power generation plants and electricity trading) to Talen Energy Corporation. As a result of the transaction, the Talen Energy Retirement Plan received assets and liabilities from the PPL Retirement Plan for eligible active employees of the Supply business as well as for Supply retirees that retired on or after July 1, 2000. Consequently, the Plaintiff's monthly pension benefit was initially paid by the PPL Retirement Plan but is presently paid by the Talen Energy Retirement Plan.

2. On three occasions, the Plaintiff submitted an appeal to the PPL Retirement Plan's Plan Administrator claiming that the portion of a Year of Credited Service (see Exhibit A for definition) accrued for the Plaintiff's final (June 2013 through June 2014) Computation Period (see Exhibit A for definition) should be $12/12^{th}$ of a year (or twelve (12) months) and not $11/12^{th}$ of a year (or eleven (11) months) as determined by the Plan Administrator; and that the Plaintiff's monthly pension benefit payments should be accordingly corrected. On each occasion, the appeal was denied by the Plan Administrator. (See Exhibits A through F for the appeal letters and the Plan Administrator replies.) In the appeals, the Plaintiff asserted that, per the terms of the Plan, paid overtime hours are to be included when calculating the Hours of Service (see Exhibit G for definition) for the final Computation Period. The Plan Administrator's interpretation is that paid overtime hours are not to be included in the Hours of Service calculation.

3. The Plan's "Hour of Service" definition has several parts to it but the part relevant to the appeal is the following:

> "Hour of Service", shall mean (a) an hour for which (1) an employee is directly or indirectly paid or entitled to payment by a Participating Company or an Affiliated Company for the performance of employment duties; ....

The Plaintiff interprets the definition to mean if an employee is paid for an hour of work then the hour is an Hour of Service. Therefore, both "regular" and "paid overtime" hours worked performing employment duties are to be included when calculating Hours of Service. The Plan Administrator used just "regular" hours when determining the Plaintiff's Hours of Service. The definition clearly does not mention or differentiate between "regular" and "paid overtime" hours or pay. The Plan's Hour of Service definition, or elsewhere in the Plan, does not exclude paid overtime hours from Hours of Service. Therefore, hours of paid overtime are included as Hours of Service.

4. The PPL Retirement Plan credits service in the basis of hours of service. The "Rules and Regulations for Minimum Standards for Employee Pension Benefit Plans Under the Employee Retirement Income Security Act of 1974" under the "Hour of Service" heading (29 CFR 2530.200b-2) under the sub-heading "Plan Document" (29 CFR 2530.200-2(f)) provides for the following:

> A plan document which credits service on the basis of hours of service must state in the plan document the definition of hours of service set forth in paragraph (a) of this section, but is not required to state the rules set forth in paragraph (b) and (c) of this section if they are incorporated by reference.

And, under the heading "Additional Examples" (29 CFR 2530.200b-2(e)(2)) provides the following example in which overtime hours are included when calculating hours of service.

> During a computation period, an employee was paid for a workweek of 40 hours per week for 40 weeks and, including overtime, for 50 hours per week for 8 weeks. The employee completed 2,000 hours of service (40 weeks multiplied by 40 hours per week, plus 8 weeks worked multiplied by 50 hours per week).

This example shows that paid overtime hours are to be included when determining Hours of Service and the ERISA Hour of Service definition includes paid overtime hours and therefore the PPL Retirement Plan must include paid overtime hours.

5. The denial letter dated June 16, 2016, instructed the Plaintiff to refer to the Plan, "...*specifically Schedule D, "Monthly Rate of Earnings" which excludes overtime.*" (See Exhibit I for Schedule D)  The Plaintiff responded that Schedule D is about "earnings" and excludes overtime <u>earnings</u> when determining the "Monthly Rate of Earnings" of a participant.  And, it is not an exclusion of overtime <u>hours</u> when determining Hours of Service and is not relevant to determining Hours of Service.  Furthermore, if the Schedule D exclusion was an overtime hour exclusion then the exclusion would conflict with the standards for Hours of Service given in 29 CFR 2530.200-2 and would be an invalid exclusion.

6. The Plan Administrator indicated, in the April 7, 2016 letter, that the Plaintiff had 1880 Hours of Service for the Plaintiff's final Computation Period.  This agrees with the Plan Administrator's contention that the Plaintiff accrued an $11/12^{th}$ portion of a Year of Credited Service (to the nearest twelfth) determined from a fraction, not to exceed one, the numerator of which shall be the Hours of Service with which the Participant is credited during such Computation Period and the denominator of which shall be 2080 Hours of Service. (Refer to Plan Section 3.4(b)(2).)

7. Based on the Plaintiff's calculation, the Plaintiff was paid for 665 hours of paid overtime during the final Computation Year.  Based on the Plaintiff's interpretation of the Plan regarding Hours of Service, the Plaintiff's Hours of Service for the final Computation Period are 2545 (1880 regular hours plus 665 paid overtime hours). Therefore, the Plaintiff should have accrued a full Year of Credited Service for the final Computation Period as the Plaintiff's 2545 Hours of Service satisfies the "2080 or more Hours of Service" condition of Plan Section 3.2(a).  The following is an excerpt from Plan Section 3.2(a)(part of Exhibit H):

> *With respect to service after June 30. 1979, a Participant shall accrue a Year of Credited Service for each Computation Period in which he is a Participant and an Employee and he is credited with 2,080 or more Hours of Service.*

8. The general policy of the workgroup in which the Plaintiff worked was that a salaried employee must work five (5) hours of non-compensated overtime for the week to be eligible for paid overtime at 1.0 times the employee's effective hourly compensation rate. The payment of paid overtime hours is at the discretion and approval of the employee's supervisor. That the Plaintiff's was paid by his employer for paid overtime hours is shown on Exhibit J, under the "Earnings:" heading on the line beginning "Overtime @ 1.0x - AFL". A sheet detailing the Plaintiff's paid overtime hours for the June 2013 through May 2014 period is part of Exhibit A.

### IV. Injuries

The Plaintiff has received and will continue to receive less monthly pension benefit than due under the terms of the Retirement Plan. If the Plaintiff dies before his wife then she, as the beneficiary, will receive less monthly pension benefit.

### V. Relief

The Plaintiff requests the Court:

1. to perform a judicial review of the PPL Retirement Plan's Plan Administrator's decision denying the Plaintiff's appeals,
2. to conclude that a paid overtime hour is an Hour of Service under the terms of the Plan,
3. to find the Plaintiff's Hours of Service for the final Computation Period to be 2080 hours or more,
4. to find the credited service for the Plaintiff's final Computation Period to be a full Year of Credited Service (or 12/12th of a Year of Credited Service),
5. to find that the PPL Retirement Plan must increase the Plaintiff's accrued Years of Credited Service by one month,
6. to have the PPL Retirement Plan determine the Plaintiff's revised monthly pension payment amount based on the revised accrued Years of Credited Service and to inform the Plaintiff and the Talen Energy Retirement Plan about the revised amount,
7. to have the Talen Energy Retirement Plan accordingly increase future monthly pension payments to the Plaintiff within six weeks after the Court's decision,

8. to have the PPL Retirement Plan make a corrective lump-sum payment to the Plaintiff for the difference between the revised and the actual monthly pension payment amounts for twelve (12) past monthly pension payments (from June 1, 2014, through and including May 1, 2015) within one month after the Court's decision,

9. to have the Talen Energy Retirement Plan make a corrective lump-sum payment to the Plaintiff for the difference between the revised and the actual monthly pension payment amounts for past monthly pension payments (starting with and including the June 1, 2015, payment and subsequent payments until the revised monthly pension amount is paid) within two month after the Court's decision,

10. if either Plan disagrees on the proposed split of responsibility for past monthly payments, then to have authorized representatives of the two Plans confer, agree and inform, in writing, the Court and the Plaintiff as to the agreed upon split of responsibility,

11. to find the PPL Retirement Plan did not review the Plaintiff's appeals in a fair and full manner, and

12. to have such other and further relief as the Court may deems just and proper.

Signed this 29 day of May, 2017.

Signature of Plaintiff Donald W Reid

Mailing Address: 5205 Geissinger Road

Zionsville, PA 18092

Telephone Number: 610-966-3593

Fax Number (if you have one)

E-mail Address: reid5205@ptd.net

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

**Exhibits**

Exhibit A – Plaintiff's Appeal Letter dated Oct. 23, 2015

Exhibit B – Plan Administrator's Reply Letter dated April 7, 2016

Exhibit C – Plaintiff's Appeal Letter dated June 2, 2016

Exhibit D – Plan Administrator's Reply Letter dated June 16, 2016

Exhibit E – Plaintiff's Appeal Letter dated Aug. 11, 2016

Exhibit F – Plan Administrator's Reply Letter dated Sep. 8, 2016

Exhibit G – Plan excerpt Article I "Definitions" pages I-3, I-9, I-10, I-11 and I-14

Exhibit H – Plan excerpt Article III "Service and Credited Service" pages III-1 through III-4

Exhibit I – Plan excerpt Schedule D "Monthly Rate of Earnings"

Exhibit J – Statement of Earnings and Deduction (for Bi-week from Employer to Employee) for Pay Periods 12/9/13 through 12/22/13 and 4/28/14 through 5/11/14